UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

ERICA MICHELLE OLIVER,

Plaintiff,

v.

ADA COUNTY; JEFFREY HOOVER; ADA COUNTY EMERGENCY COMMUNICATIONS; and JOHN DOE DEPUTIES 1–10;

Defendants.

Case No. 1:26-cv-00319-BLW

**INITIAL REVIEW ORDER BY SCREENING JUDGE**

The Clerk of Court conditionally filed Plaintiff Erica Michelle Oliver's Complaint because of Plaintiff's status as an inmate. A "conditional filing" means that a plaintiff must obtain authorization from the Court to proceed. Upon screening, the Court must dismiss claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Having reviewed the record, the Court concludes that the Complaint fails to state a claim upon which relief may be granted. Accordingly, the Court enters the following Order directing Plaintiff to file an amended complaint if Plaintiff intends to proceed.

## 1. Standards of Law for Screening Complaints

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim

for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state an actionable claim, a plaintiff must provide "enough factual matter (taken as true) to suggest" that the defendant committed the unlawful act, meaning that sufficient facts are pled "to raise a reasonable expectation that discovery will reveal evidence of illegal [activity]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 US. at 678 (quoting *Twombly*, 550 U.S. at 555).

The Court liberally construes the pleadings to determine whether a case should be dismissed for a failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual *and* legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

**2. Factual Allegations**

When Plaintiff filed the instant complaint, she was an inmate in the Ada County Jail. Plaintiff has since been transferred to the custody of the Idaho Department of Correction ("IDOC"). *See IDOC Resident/Client Search*,

https://www.idoc.idaho.gov/content/prisons/resident-client-search/details/119809, (accessed Oct. 8, 2026).

The events giving rise to Plaintiff's claims occurred during the course of her arrest. The Complaint does not describe the entire encounter between Plaintiff and the arresting officers, but Plaintiff states that, at one point, Defendant Officer Jeffrey Hoover, a K-9 officer, deployed his K-9 partner. Plaintiff alleges that the K-9's attack was unjustifiably prolonged and lasted about 40 seconds. Plaintiff states she suffered bruises and bites from the attack. *Compl*. at 7.

Plaintiff claims she was "attempting compliance and communicating [that] she was coming outside," but it is unclear whether the officers heard her before the K-9 was deployed. It is also unclear how the encounter began or what occurred before Officer Hoover deployed the K-9.

At some other point during the encounter, Plaintiff called 911 "seeking assistance." According to Plaintiff, the 911 dispatcher "negligently instructed [Plaintiff] not to contact her attorney, interfering with her right to counsel." *Id*.

After Plaintiff's arrest, officers took her to St. Alphonsus Regional Medical Center for medical treatment. At the hospital, Plaintiff's medical providers allegedly overmedicated her. After treatment, Plaintiff was taken from the hospital to the Ada County Jail and placed in restrictive housing. Plaintiff claims she did not receive "appropriate medical care" at the jail. *Id*.

Plaintiff brings claims under the Fourth, Sixth, and Fourteenth Amendments and under Idaho state law. *Id*. Plaintiff sues Officer Hoover and "Ada County Emergency

Communications." *Id.* at ECF pp.3–4. She also sues Ada County more generally, contending that the county's customs, policies, and lack of adequate training or supervision caused her injuries. *Id.* at ECF pp.2. Finally, Plaintiff sues 10 unidentified "John Doe Deputies" who allegedly "participated in, assisted with, failed to prevent, and/or failed to intervene in the use of excessive force and arrest conduct resulting in Plaintiff's injuries." *Id.* at ECF p.5.

**3. Discussion**

Plaintiff has not stated a claim upon which relief may be granted. The Court will, however, grant Plaintiff 28 days to amend the Complaint. Plaintiff should consider the following if she decides to amend.

***A. Section 1983 Claims***

Plaintiff brings her federal constitutional claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A defendant causes a constitutional deprivation within the meaning of § 1983 "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

That is, governmental officials generally are not liable for damages in their individual capacities under § 1983 unless they personally participated in the alleged constitutional violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also*

*Iqbal*, 556 U.S. at 677 ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). Section 1983 does not allow for recovery against an employer or principal simply because an employee or agent committed misconduct. *Taylor*, 880 F.2d at 1045.

However, "[a] defendant may be held liable as a supervisor under § 1983 'if there exists … a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). A plaintiff can establish this causal connection by alleging a defendant (1) set in motion a series of acts by others that violated the Constitution, or knowingly refused to terminate a series of such acts, which the supervisor "knew or reasonably should have known would cause others to inflict a constitutional injury"; (2) knowingly failed to act or acted improperly "in the training, supervision, or control of his subordinates"; (3) acquiesced in the constitutional deprivation; or (4) engaged in conduct showing "a reckless or callous indifference to the rights of others." *Id*. at 1205–09 (internal quotation marks omitted).

A claim that a supervisor or training official failed to adequately train subordinates ordinarily requires that, "in light of the duties assigned to specific officers or employees[,] the need for more or different training [was] so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the [supervisor or training official] can reasonably be said to have been deliberately indifferent to the need." *City of Canton v. Harris*, 489 U.S. 378, 390 (1989). That is, to maintain a failure-to-train claim,

a plaintiff must allege facts showing a "pattern of violations" that amounts to deliberate indifference. *Connick v. Thompson*, 563 U.S. 51, 72 (2011).

Likewise, "a failure to supervise that is sufficiently inadequate may amount to deliberate indifference" that supports a § 1983 claim, but there generally must be a pattern of violations sufficient to render the need for further supervision obvious. *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (internal quotation marks omitted). That is, if a supervisory or training official had "knowledge of the unconstitutional conditions" through such a pattern of violations—including knowledge of the "culpable actions of his subordinates"—yet failed to act to remedy those conditions, that official can be said to have acquiesced "in the unconstitutional conduct of his subordinates" such that a causal connection between the supervisor and the constitutional violation is plausible. *Starr*, 652 F.3d at 1208.

To bring a § 1983 claim against a local governmental entity such as Ada County, a plaintiff must allege that the execution of an official policy or unofficial custom inflicted the injury of which the plaintiff complains, as required by *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 694 (1978). Under *Monell*, the requisite elements of a § 1983 claim against such an entity are the following: (1) the plaintiff was deprived of a constitutional right; (2) the entity had a policy or custom; (3) the policy or custom amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *Mabe v. San Bernardino Cnty.*, 237 F.3d 1101, 1110–11 (9th Cir. 2001). An entity also "may be held liable under § 1983 when the individual who committed the constitutional tort was an

official with final policy-making authority" or when "such an official ratified a subordinate's unconstitutional decision or action and the basis for it." *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1250 (9th Cir. 2010), *overruled in part on other grounds by Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1069 (9th Cir. 2016) (en banc).

An unwritten policy or custom must be so "persistent and widespread" that it constitutes a "permanent and well settled" practice. *Monell*, 436 U.S. at 691 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167–68 (1970)). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

A plaintiff cannot simply restate these standards of law in a complaint. Instead, a plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a causal link between each defendant and Plaintiff's injury or damage. Alleging "the mere possibility of misconduct" is not enough. *Iqbal*, 556 U.S. at 679.

i. <u>The Complaint Fails to State a Plausible Fourth Amendment Claim</u>

Claims of excessive force during the course of an arrest are analyzed under the Fourth Amendment, which prohibits unreasonable searches and seizures. The Fourth Amendment requires that officers use only an amount of force that is "objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989)

(internal quotation marks omitted).[1] "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment," and whether an officer's use of force was objectively reasonable is based on the totality of the circumstances. *Id.* at 396 (internal quotation marks and citation omitted).

The reasonableness inquiry requires "balancing the nature and quality of the intrusion on a person's liberty with the countervailing governmental interests at stake." *Davis v. City of Las Vegas*, 478 F.3d 1048, 1053–54 (9th Cir. 2007) (internal quotation marks omitted). When analyzing excessive force claims, courts must consider several factors in this balancing test.

First, the "quantum of force" used by the police must be assessed. *Id.* at 1054. Force that imposes only a "minimal intrusion" upon the arrestee is considered minimal force. *Johnson v. Cty. of Los Angeles*, 340 F.3d 787, 793 (9th Cir. 2003). Intermediate force is force that is "capable of inflicting significant pain and causing serious injury" and, "while less severe than deadly force, nonetheless present[s] a significant intrusion upon an individual's liberty interests." *Young v. Cty. of Los Angeles*, 655 F.3d 1156, 1161 (9th Cir. 2011). And lethal or deadly force is "force that creates a substantial risk of causing death or serious bodily injury"—a severe intrusion on the arrestee's Fourth Amendment interests. *Smith v. City of Hemet*, 394 F.3d 689, 693 (9th Cir. 2005). The use

---

[1] Although the excessive force reasonableness standard is an objective test, it must not be confused with the standard for negligence claims under state law, as negligence is not actionable under § 1983. *See Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472 (2015) ("[L]iability for *negligently* inflicted harm is categorically beneath the threshold of constitutional due process.") (internal quotation marks omitted); *Daniels v. Williams*, 474 U.S. 327, 332 (1986).

of a K-9 to subdue a suspect constitutes “at least intermediate force.” *Ochoa v. Cnty. of Kern*, No. 23-15276, 2024 WL 1133577, at *2 (9th Cir. Mar. 15, 2024) (unpublished).

Second, the governmental interests at stake must be balanced against the quantum of force used. The Court must analyze the governmental interests in light of the following factors: (1) the severity of the crime for which the plaintiff was arrested; (2) whether the plaintiff posed a threat to the safety of the officers or others; (3) whether the plaintiff was actively resisting arrest or attempting to flee; and (4) the availability of alternative methods of subduing the plaintiff. *Davis*, 478 F.3d at 1054.

The Supreme Court has emphasized that courts must not rely on their own hindsight in determining whether an officer’s use of force was reasonable. Rather, the “calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation.” *Graham*, 490 U.S. at 396–97.

*a) Claims Against Defendant Hoover and John Doe Deputies*

The allegations in the Complaint do not give rise to a reasonable inference that Defendant’s Hoover’s deployment of his K-9 was unreasonable or that the unidentified John Doe deputies acted unreasonably. As to the first *Graham* factor, though Plaintiff does not disclose the crime for which she was arrested, the IDOC website lists her convictions as committing injury to a child and possessing a controlled substance—both of which are serious offenses. *See IDOC Resident/Client Search*,

https://www.idoc.idaho.gov/content/prisons/resident-client-search/details/119809 (accessed Oct. 8, 2026).

As for the second *Graham* factor—whether the arrestee posed a threat—the Complaint begins the story in the middle, failing to describe the encounter from the beginning to the deployment of the K-9. Thus, the Complaint does not plausibly suggest that Plaintiff posed no threat to officers or others.

Third, Plaintiff claims she was attempting to comply with the officers' instructions and that she was not actively resisting. Once again, however, these allegations are far too vague to plausibly suggest that the use of force was unreasonable.

Finally, the Complaint does not plausibly allege that there was another readily available means to subdue Plaintiff. The Complaint establishes that Plaintiff was inside some sort of building and initially failed to come out at the officers' request. There are no specific facts showing what happened between the initial contact and the use of force that would suggest the K-9 deployment was unreasonable. Plaintiff may attempt to remedy these deficiencies in an amended complaint.

*b) Claim Against Ada County*

Plaintiff's excessive force claim against Ada County is also implausible. The Complaint does not permit a reasonable inference that the county had a policy, custom, or practice of allowing the use of excessive force during an arrest in general or with respect to K-9s specifically. Nor does the Complaint plausibly suggest that Ada County failed to adequately train or supervise its officers with respect to the use of force in such situations. Plaintiff's claim that Ada County Emergency Communications violated the

Constitution by failing "to reasonably respond, relay, intervene or de-escalate" Plaintiff's encounter with the police officers fails for the same reasons.

ii. The Complaint Fails to State a Plausible Claim for Inadequate Medical Treatment

The jail conditions to which to pretrial detainees are subjected—including detainees' medical treatment—violate the Due Process Clause of the Fourteenth Amendment if those conditions amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Detainees' conditions-of-confinement claims are analyzed using a standard of "objective deliberate indifference." *Gordon v. County of Orange*, 888 F.3d 1118, 1124 (9th Cir. 2018). Under that standard, a detainee must establish the following elements:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Id.* at 1125. The application of this standard "will necessarily turn on the facts and circumstances of each particular case." *Id.* (internal quotation marks and alteration omitted).

Although the Court uses an objective standard in evaluating conditions-of-confinement claims of pretrial detainees, this standard must not be confused with the objective standard used for evaluating claims of negligence under state law. This is because negligence—the "mere lack of due care" by a governmental official—"does not

deprive an individual of life, liberty, or property under the Fourteenth Amendment." *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc); *see also Daniels*, 474 U.S. at 332 (stating that negligence is not actionable under § 1983, because such actions are not an abuse of governmental power but merely a "failure to measure up to the conduct of a reasonable person"). Therefore, a pretrial detainee complaining of unconstitutional conditions of confinement must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Castro*, 833 F.3d at 1071.

The Complaint does not plausibly allege that any Defendant acted with objective deliberate indifference to Plaintiff's medical needs. The vague allegation that Plaintiff did not receive adequate medical treatment in jail is precisely the kind of "formulaic recitation" that has been held insufficient to state a plausible claim as required by Rule 8. *Bell Atl. Corp.*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. 662, 681 (2009) ("It is the conclusory nature of [the plaintiff's] allegations … that disentitles them to the presumption of truth.").

Plaintiff's allegation that she was overmedicated at the hospital does not state a plausible due process claim against any Defendant because the medication decision was made by Plaintiff's treating provider—not by any jail or other county official. This claim thus fails for lack of causation. Additionally, there is no information in the Complaint about what the medication was, what it was prescribed to treat, or what Plaintiff's side effects were, if any.

Accordingly, Plaintiff's due process claims of inadequate medical treatment must be dismissed.

iii. The Complaint Fails to State a Plausible Sixth Amendment Claim

Plaintiff claims that Defendant Ada County interfered with her right to counsel in her state criminal case when the 911 dispatcher told Plaintiff not to call an attorney. The Sixth Amendment guarantees every criminal defendant the right to counsel. However, Plaintiff's Sixth Amendment claim appears to be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

In *Heck*, the United States Supreme Court held that, if success on a civil rights claim would necessarily imply the invalidity of the plaintiff's criminal conviction, the plaintiff must first show that the conviction has already been overturned, invalidated, or otherwise called into question. *Id*. at 486–87 ("We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus …."). To overcome the *Heck* bar, a plaintiff must show either that (1) the action, if successful, would *not* necessarily "demonstrate the invalidity of any outstanding criminal judgment" or (2) "the conviction or sentence has already been invalidated." *Lemos v. Cnty. of Sonoma*, 40 F.4th 1002, 1005 (9th Cir. 2022) (en banc) (internal quotations and citation omitted) (quoting *Heck*, 512 U.S. at 487).

Here, it appears Plaintiff is incarcerated on a conviction in the very matter in which she claims Ada County interfered with her right to counsel. If Plaintiff were to

succeed on her claims that she was denied the right to counsel in the state criminal case, that success would necessarily imply or demonstrate that the conviction is invalid. Therefore, to proceed on her civil rights claims in this case, Plaintiff must establish that the conviction has already been overturned. Because the Complaint does not do so, Plaintiff's Sixth Amendment claim appears barred by *Heck*.

Moreover, even if *Heck* did not bar Plaintiff's Sixth Amendment claim, the claim is still implausible. Nothing in the Complaint plausibly suggests that the unidentified dispatcher was acting pursuant to a custom or policy of Ada County, as required by *Monell*, or that Ada County did not adequately train or supervise the dispatcher. Finally, Plaintiff alleges only that the dispatcher acted negligently, which is insufficient to state a plausible § 1983 claim. *See Daniels*, 474 U.S. at 332.

For these reasons, Plaintiff's Sixth Amendment claim must be dismissed.

### *B. State Law Claims*

In addition to § 1983 claims, Plaintiff asserts state law claims of negligence, assault, and battery, as well as violations of the Idaho State Constitution. *See Compl*. at ECF p.7.

The Complaint fails to state a plausible claim under the Idaho Constitution because "Idaho does not recognize a direct cause of action for violations of the Idaho Constitution." *Hill v. Cnty. of Benewah*, No. 2:18-CV-00320-DCN, 2020 WL 1049905, at *7 (D. Idaho Mar. 4, 2020) (unpublished), *aff'd*, 843 F. App'x 975 (9th Cir. 2021). Therefore, Plaintiff's state constitutional claims are implausible and must be dismissed.

The Court declines to exercise supplemental jurisdiction over Plaintiff's other state law claims because the Complaint fails to state a federal claim upon which relief may be granted. *See* 28 U.S.C. § 1367(c).

**4. Standards for Amended Complaint**

If Plaintiff chooses to amend the Complaint, Plaintiff must demonstrate how the actions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other grounds by Kay v. Ehrler*, 499 U.S. 432 (1991). Plaintiff must also allege a sufficient causal connection between each defendant's actions and the claimed deprivation. *Taylor*, 880 F.2d at 1045; *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.") (internal quotation marks and alteration omitted).

Rather, for each cause of action against each defendant, Plaintiff must state the following: (1) the name of the person or entity that caused the alleged deprivation of Plaintiff's constitutional rights; (2) facts showing the defendant is a state actor (such as state employment or a state contract) or a private entity performing a state function; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular constitutional or

statutory provision Plaintiff alleges has been violated; (6) facts alleging the elements of the violation are met—for example, Plaintiff must allege facts satisfying the elements of Fourth Amendment or due process claim; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief Plaintiff is seeking from each defendant. In addition, Plaintiff must include facts showing Plaintiff can meet the *Monell* requirements with respect to any claims against the County.

Further, any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon, attach, or incorporate by reference other pleadings or documents. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

Plaintiff must set forth each different factual allegation in a separate, numbered paragraph. The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as the "Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

## ORDER

**IT IS ORDERED:**

1. The Complaint fails to state a claim upon which relief may be granted. Plaintiff has 28 days within which to file an amended complaint as described above.

2. If Plaintiff does not file a timely amended complaint, or if the amendment does not satisfy Rule 8, this case may be dismissed with prejudice and without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

3. Because an amended complaint is required for Plaintiff to proceed, Plaintiff's request for appointment of counsel (contained in the Complaint) is DENIED without prejudice. Plaintiff may renew the request for counsel in an amended complaint.

DATED: October 14, 2026

B. Lynn Winmill
U.S. District Court Judge